NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1759

_____

UNITED STATES OF AMERICA

v.

ROBERT J. SUCARATO,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-11-cr-00032-001)
District Judge:  The Honorable Renee M. Bumb

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2012

BEFORE:  GREENAWAY, JR., NYGAARD, and VAN ANTWERPEN, *Circuit Judges.*

(Opinion Filed:  January 28, 2013)

_____

OPINION OF THE COURT

_____

NYGAARD, *Circuit Judge.*

Appellant Robert J. Sucarato argues that his 132-month sentence, which is an

upward variance from the sentencing guildelines range, is substantively unreasonable.

To be substantively unreasonable, in light of the totality of the circumstances and the 18

U.S.C. § 3553(a) factors, the party challenging the sentence must prove its

unreasonableness. We give great weight to the sound discretion of the District Court, which "must apply the §3553(a) factors reasonably to the circumstances of the case." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007).[1]

Sucarato has not met his burden of establishing that his sentence was unreasonable. The District Court was justified in imposing the upward variance because Sucarato showed a lack of remorse for his crimes and because of the need to deter this type of crime in the financial services industry. Sucarato expressed no sincere remorse for his actions and the personal devastation he has visited upon his victims. The District Court was rightly troubled by the adequacy of the guideline sentence to deter Sucarato from continued criminal conduct. After thoroughly addressing the factors in § 3553(a) and Sucarato's own statements, the District Court properly concluded that an upward variance was appropriate.

We will therefore affirm the District Court's sentencing order.

---

[1] The parties do not dispute that the District Court properly calculated the guidelines range, did not treat the guidelines as mandatory, and gave due consideration to the factors set forth in 18 U.S.C. §3553(a). Indeed, we agree that the District Court committed no procedural error. Therefore, we will only consider the substantive reasonableness of the sentence imposed. Our review is a deferential one, inquiring only "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).